[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS PLEADING NO. 105
The defendant moves to dismiss the complaint on the ground that the plaintiff failed to exhaust his administrative remedies.
The defendant in its memorandum states that the plaintiff brought a previous one-count complaint returnable November 13, 1990, Docket No. CV-90-0306504-S, making claim for vacation and sick time owed upon retirement. The defendant moved to dismiss on grounds that plaintiff failed to exhaust administrative remedies set out in a collective bargaining agreement and accordingly the court lacked subject matter jurisdiction. The plaintiff filed a withdrawal dated January 8, 1991. Thereafter the plaintiff sent a certified letter on January 22, 1991 to James K. Jordan, Director of Water Pollution Control Authority, who referred the letter to Victor Binkoski, Labor Relations Director for the defendant. The notice of the referral was dated February 6, 1991. On February 11, 1991, the plaintiff sent notice to Victor Binkoski asserting that pursuant to Section 2, Step 2(B) of Article 13, entitled Grievance Procedure, that an appeal was being taken pursuant to the collective bargaining agreement. Additional letters dated March 8, 1991 and September 20, 1991 were sent to ensure that the letter of February 11, 1991 was in accordance with the bargaining agreement. No response to any letters to the Director of Labor Relations was given to the plaintiff.
The plaintiff in his memorandum refers to Article 14 of the bargaining agreement which deals with arbitration, Section 1, which states —
 IN ORDER TO BE CONSIDERED, A PETITION BY THE UNION FOR ARBITRATION SHALL BE RECEIVED BY THE DIRECTOR OF LABOR RELATIONS OR HIS REPRESENTATIVE WITHIN TEN (10) WORKING DAYS FROM THE DATE OF DECISION AT STEP 3 OF THE GRIEVANCE PROCEDURE. (emphasis added) GRIEVANCES NOT APPEALED WITHIN THIS TIME SHALL BE CONSIDERED AS SETTLED. CT Page 4051
The plaintiff argues, herein that "[n]owhere in Section 1 or the remainder of Article 14 is it stated that an employee shall proceed to arbitration if no decision (emphasis added) is received from the Director of Labor Relations, as in the instant case."
"[T]he failure to exhaust applicable administrative remedies deprives the court of subject matter jurisdiction." Hyatt v. City of Milford, 26 Conn. App. 194, 197, 600 A.2d 5 (1991), cert. granted 221 Conn. 905, ___ A.2d ___ (1992). The court must therefore decide, as a threshold matter, whether that doctrine requires a dismissal of the plaintiff's claim. Housing Authority v. Papandrea, 222 Conn. 414, 420 ___ A.2d ___ (1992) (Citations omitted.) Under the exhaustion doctrine, "before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiff['s] union." Daley v. Hartford,215 Conn. 14, 23, 574 A.2d 194 (1990), cert. denied ___ U.S. ___,111 S.Ct. 513, 112 L.Ed.2d 525 (1990), citing to Vaca v. Snipes,386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).
 A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. . . . [I]t would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreement.
(Citations omitted). School Administrators Assn. v. Dow,200 Conn. 376, 382, 511 A.2d 1012 (1986).
The parties agree that as an employee of the City of New Haven, the plaintiff was subject to the Collective Bargaining Agreement between the defendant City of New Haven and Local 884 CT Page 4052 of the American Federation of State, County and Municipal Employees (hereinafter "the Agreement"). Articles six and ten of the Agreement contain provisions regarding sick leave and vacation pay upon retirement. Article thirteen, section two of the Agreement contains a three-step grievance procedure which both parties agree applies to the present case.
SECTION 2
 STEP 1(A) AN EMPLOYEE WITH A GRIEVANCE SHOULD FIRST DISCUSS THE MATTER WITH HIS IMMEDIATE SUPERVISOR. IN THIS DISCUSSION, THE PERSONS INVOLVED SHALL MAKE AN EARNEST EFFORT TO RESOLVE THE MATTER. THE SUPERVISOR SHALL MAKE WHATEVER ADDITIONAL INVESTIGATION IS NECESSARY AND SHALL GIVE HIS ANSWER AS SOON AS PRACTICABLE, BUT WITHIN THREE (3) WORKING DAYS. IT IS AGREED THAT MOST GRIEVANCES SHOULD BE SETTLED AT THIS STEP.
 STEP 2(B) IF AN EMPLOYEE IS NOT SATISFIED WITH THE ANSWER AT STEP 1 HE SHALL THEN REDUCE HIS GRIEVANCE TO WRITING, EITHER ON A FORM MUTUALLY AGREED TO BY THE PARTIES OR IN A LETTER. SUCH GRIEVANCE MUST CONTAIN THE FOLLOWING INFORMATION: (1) A STATEMENT INDICATING HIS DECISION TO PROCESS HIS GRIEVANCE THROUGH THE NEGOTIATED GRIEVANCE PROCEDURE; (2) A STATEMENT PRESENTING THE NATURE OF THE GRIEVANCE; (3) A STATEMENT OUTLINING THE RELIEF SOUGHT; AND (4) SPECIFIC REFERENCE TO THE CLAUSE OR CLAUSES OF THE AGREEMENT WHICH THE GRIEVANT FEELS HAVE BEEN VIOLATED. THE EMPLOYEE AND/OR HIS CHOSEN REPRESENTATIVE SHALL SUBMIT THE WRITTEN GRIEVANCE TO THE DEPARTMENT HEAD, WHO, IN TURN, SHALL SUBMIT TO THE UNION A WRITTEN ANSWER TO THE GRIEVANCE WITHIN THREE WORKING DAYS.
 STEP 3(C) IF THE DECISION AT STEP 2 IS NOT SATISFACTORY TO THE EMPLOYEE, HE MAY APPEAL, IN WRITING TO THE DIRECTOR OF LABOR RELATIONS WITHIN TEN (10) WORKING DAYS AFTER RECEIVING THE DECISION AT STEP 2. UPON RECEIPT OF SUCH AN APPEAL, THE DIRECTOR OR HIS DESIGNATED REPRESENTATIVE WILL INVESTIGATE THE GRIEVANCE AND MAKE AN EFFORT TO RESOLVE IT TO THE SATISFACTION OF ALL PARTIES. PRIOR TO DENYING ANY GRIEVANCE AT THIS STEP, THE AGGRIEVED EMPLOYEE AND/OR CT Page 4053 HIS REPRESENTATIVE, IF ANY, SHALL BE AFFORDED THE RIGHT TO MEET AND DISCUSS THE GRIEVANCE WITH THE DIRECTOR OR HIS REPRESENTATIVE. THE DECISION OF THE DIRECTOR OR HIS REPRESENTATIVE WILL BE MADE AS SOON AS PRACTICABLE, BUT NOT LATER THAN TEN (10) WORKING DAYS AFTER RECEIPT OF APPEAL FROM STEP 2.
The plaintiff argues that "failure of the Director of Labor Relations of the defendant City to respond as well as deficiencies in the collective bargaining agreement prevented the plaintiff from any further administrative remedy — a de facto exhaustion. . . ." and therefore the action is properly before the court and that the court has subject matter jurisdiction.
The defendant argues that the plaintiff did not follow the procedures under the collective bargaining agreement and has failed to exhaust his administrative remedies.
The arbitration procedure referred to by the plaintiff herein is set out in Article 14 of the collective bargaining agreement.
Before resort to the courts an employee must attempt to exhaust exclusive grievance and arbitration procedure. Housing Authority v. Papandrea, supra. The plaintiff has failed to exhaust his administrative remedies, i.e. arbitration. Rather than a suit on the merits of this case an application to compel arbitration is appropriate.
Motion to dismiss is granted with rights to compel arbitration reserved to the parties.
Frank S. Meadow State Trial Referee